**Susie Marie WILLIAMS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. A–17619.**

Court of Criminal Appeals of Oklahoma.

March 23, 1973.

---

Richard James, Stroud, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kenneth L. Delashaw, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Susie Marie Williams, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Lincoln County, Case No. CRM–71–365, for the crime of permitting intoxicated persons on premises, in violation of 37 O.S.1971, § 537(e). Defendant was sentenced to pay a fine of One Hundred Dollars ($100.00) in accordance with the verdict of the jury; and a timely appeal has been perfected to this Court. Reversed and remanded with instructions to dismiss.

Briefly, the facts are that on the evening of October 22, 1971, several members of the Oklahoma Highway Patrol entered an establishment known as Paul's Drive Inn, east of Meeker in Lincoln County; and they proceeded to arrest three persons for being intoxicated in public; and they also arrested defendant on the charge for which defendant was convicted. The evidence revealed that two of the persons arrested pled guilty; and, the third person forfeited his bond.

It is only necessary to discuss defendant's second proposition. Defendant asserts that 37 O.S.1971, § 537(e) is unconstitutional. Defendant's proposition is well taken. Oklahoma Constitution Article 5, § 57 provides that each act of the Legislature shall embrace but one subject, clearly expressed in the title of the act; and that if any subject is embraced in an act which is contrary to the provisions of Article 5, § 57, then such act shall be void as to so much of the law as not expressed in the title thereof.

The statute in question is a part of the Oklahoma Alcoholic Beverage Control Act, codified as Title 37 O.S.1971, § 537(e) et seq. The title of the Act is:

"An Act relating to alcoholic beverages; repealing 37 O.S.1951, sections 1 through 7 and 9 through 131, as amended; providing for the licensing and control of the manufacture, storage, sale, transportation, importation, exportation, distribution and use of alcoholic beverages; establishing the Oklahoma alcoholic beverage control board, prescribing its powers and duties; providing for the taxation of such beverages and establishing licensing fees for trafficking therein; allocating revenues derived therefrom, and defining violations of the Act and prescribing penalties therefor; fixing effec-

tive date of Act; providing for severability; and declaring an emergency." Laws 1959, p. 141.

37 O.S.1971, § 537(e) provides:

"No person operating a cafe, restaurant, club, or any place of recreation shall permit any person to be drunk or intoxicated in said place of business, and any violation of this Section is a misdemeanor and is punishable by not more than thirty (30) days in jail and not more than a One Hundred Dollar ($100.00) fine or by both such fine and imprisonment."

The constitutional infirmity accrues to Section 537(e), in relation to Article 5, Section 57, Oklahoma Constitution, in two interrelated but distinct ways.

First, the statute pretends to bind those operators of cafes, restaurants, clubs, or other places of recreation, regardless of whether those places trade in alcoholic beverages. Although this may be a legitimate exercise of legislative power, the inclusion of such exercise of power in this Act, purporting to control operations performed upon alcoholic beverages themselves, is constitutionally improper. The thrust of the title to the Act, borne out by every other Section of the Act, is to limit those who would deal in or with alcoholic beverages. Section 537(e), on the other hand purports to bind a different class of person, i. e., those who operate any cafe, club, restaurant, or other place of recreation. Since this type of limitation is not contemplated in the title of the Act, the section of the statute is unconstitutional.

Second, the statute pretends to bind those who contemplate others who have used alcoholic beverages. Each of the categories of proscription contained in the title to the Act, goes to affect those persons who would directly deal in or with alcoholic beverages. On the other hand, Section 537(e) attempts to prescribe conduct for operators of certain public places, confronted with persons who are intoxicated. Since this class of operators is not fairly includable in the Act, as delineated by its title, this section of the statute is unconstitutional.

We note, however, the subject matter of the statute is probably within the police power; and therefore, it would be within the power of the Legislature were such power constitutionally exercised. We do not express an opinion concerning other constitutional questions which may be present in the current wording of the statutes.

For the above and foregoing reasons we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, reversed and remanded with instructions to dismiss.

BLISS, P. J., and BUSSEY, J., concur.